OLIVER H. YORK, PLAINTIFF-APPELLEE, v. CHARLES
FRANKS, DEFENDANT-APPELLANT.

Decided November 7, 1923.

**Contracts—Real Estate Agents and Brokers Concession—
Agreement Between Brokers to Share Commissions.**

On appeal from the Orange District Court.

Before Justices KALISCH and KATZENBACH.

For the plaintiff-appellee, *Jay & McTague* (*William C.
McTague,* of counsel).

For the defendant-appellant, *James P. Mylod.*

PER CURIAM.

This is an appeal from a judgment of the Orange District
Court. The plaintiff and defendant were real estate agents.
About May 15th, 1922, the defendant, Franks, went to the
office of the plaintiff, York, and stated that one Mrs. Florence
S. Rittenhouse had placed in his hands for exchange a piece
of property owned by her at West Orange, New Jersey.
Franks brought Mrs. Rittenhouse to York's office later and
York endeavored to effect an exchange of her property. On
June 6th, 1922, the plaintiff and defendant entered into an
agreement as follows:

"Newark, N. J., 6/29/22.

I agree that upon any property turned into this office by
Charles Franks and sold through this office, through the
personal efforts of myself individually, to pay the said Charles
Franks fifty per cent. of total commissions received.

However, should a salesman connected with this office be
instrumental in closing a deal on property turned in by Mr.
Franks that the commission shall be equally divided in three
ways.

Signed     OLIVER H. YORK,
CHAS. FRANKS.

Accepted."

On September 9th, 1922, through the efforts of the plaintiff and an employe of the plaintiff's, by the name of Jones, Mrs. Rittenhouse effected an exchange of her property. The defendant then refused to pay the plaintiff the share of the commissions called for by the above agreement. The plaintiff brought suit, proved the execution of the agreement and that he had effected an exchange of Mrs. Rittenhouse's property. The court found that the contract was established and that the deal was carried out and put through by Jones and the plaintiff, and accordingly rendered a judgment of $466.66 for the plaintiff against the defendant, being two-thirds of the commission obtained by the defendant from Mrs. Rittenhouse.

The first ground of appeal is that the District Court should have granted the defendant's motion that the plaintiff be nonsuited. This rests upon the defendant's contention that the agreement to share commissions was made after the defendant had spoken to the plaintiff concerning the property of Mrs. Rittenhouse, and that it was not retroactive so as to include the services to be rendered in exchanging the Rittenhouse property.

We think this contention is without merit. The agreement covered property "turned into this office." This language covers property which had been turned in (the Rittenhouse property), as well as property which after the date of the agreement might be turned in. There had been no work done by the plaintiff at the time of the making of the agreement in disposing of the property of Mrs. Rittenhouse. It would seem as if the agreement had been made in contemplation of the services which the plaintiff might render. Furthermore, the suit was one for services rendered and the plaintiff proved and the court found as a fact that the plaintiff had rendered services so the granting of a nonsuit under the evidence would have been improper.

The next ground of appeal is that the District Court erred in giving the plaintiff a judgment for two-thirds of the commissions, as Jones, the salesman, was not a party to the

action. Jones was not a party to the agreement. The work done by him was for the plaintiff, his employer. Jones was not given an interest in any commissions under the agreement. He was not mentioned therein. The reference in the agreement to a salesman was only for the purpose of fixing the share of commissions to which the plaintiff would be entitled in case any employe of his was instrumental in closing a deal or property turned into the office by the defendant. There was no error in rendering a judgment for two-thirds of the commissions.

The third ground of appeal argued in the appellant's brief is that there was no evidence to support a judgment for the plaintiff. The court found as a fact that the contract was established as a fact by the weight of the evidence. The court was justified in taking this evidence. It will not be disturbed. *Breilbart* v. *Lurich,* 120 *Atl. Rep.* 11.

The fourth ground of appeal is that the court awarded a judgment for an amount greater than that demanded by the summons. The demand was originally drawn for $400. The record shows that a motion was made and granted to amend the state of demand in this particular and allowed. Probably through inadvertence the amendment of the summons was not asked for. No objection was made at the trial to the summons. It is now too late to enter such an objection. It has been waived. We also are of the opinion that there was an implied consent for want of objection that the summons should be amended so as to conform to the amended state of demand.

The judgment is affirmed.